Brassard, J.
On November 12, 2002, the plaintiff, Elizabeth Gibbs, filed her complaint against the defendant, Peter White, alleging assault, battery, negligent and intentional infliction of emotional distress, false imprisonment and gross negligence. The plaintiff further sought, ex parte, to attach by trustee process the financial assets of the defendant pending the outcome of this litigation pursuant to Mass.R.Civ.P. 4.1. The plaintiff alleged that the defendant failed to disclose significant assets held in life insurance policies, securities accounts, retirement accounts, cash and trusts in a financial statement pertaining to a pending divorce action. Moreover, the plaintiff alleged that the defendant transferred cash funds from one bank account to three newly opened bank accounts at a different financial institution in an attempt to withhold and conceal these funds in order to protect them from judgment. The plaintiffs ex parte motion was granted and a Pershing I Revocable Living Trust, an H&R Block Investment Fund, and a Fidelity Traditional Individual Retirement Account belonging to the defendant were attached by trustee process in the amount of $1,000,000. The defendant now moves to dissolve the attachment by trustee process of the third of these accounts — the Fidelity Traditional Individual Retirement Account (hereafter “IRA”). The issue is whether IRAs may be subject to prejudgment attachment, where there is no declaration of bankruptcy or entry of judgment.
DISCUSSION
M.G.L.A. c. 235, §34A, entitled “Annuities, pen-’ sions, profit sharing or retirement plans; insolvency; attachment,” provides in pertinent part:
The right or interest of any person in an annuity, pension, profit sharing or other retirement plan subject to the federal Employee Retirement Income Security Act of 1974, in any plan maintained by one or more self-employed individuals as a Keogh Plan, so-called, in any plan maintained by a corporation or other business organization pursuant to section 401 (a) of the Internal Revenue Code but not subject to the federal Employee retirement Income Security Act of 1974, or in any Simplified Employee Plan, annuity plan to which the provisions of section 403(b) of the Internal Revenue Code apply or Individual Retirement Account or Annuity maintained by an individual, or in any annuity or similar contract distributed from or purchased with assets *692 distributed from any of the foregoing, shall be exempt from the operation of any law relating to insolvency and shall not be attached or taken on execution or other process to satisfy any debt or liability of such person . . . The exemption in this section for plans maintained by an individual, whether or not self-employed, shall not apply to sums deposited, determined without regard to deposits pursuant to a rollover or transfer except to the extent protection under this section would be limited in the absence of a rollover or transfer, in said plan during the five year period preceding the individual’s declaration of bankruptcy or entry of judgment in excess of 7 per cent of the total income of such individual for such period.
(Emphasis added.)
In addition M.G.L.A. c. 246, §28, entitled “Wages and pensions; exemption; exceptions,” governs trustee process and specifically exempts pensions from attachment. “Except as otherwise permitted by law, amounts held by a trustee for a defendant in a pension shall be reserved in the hands of the trustee and shall be exempt from attachment.” However, this statute provides further that the definition of “pension” shall not apply to “sums deposited, determined without regard to deposits pursuant to a rollover or transfer except to the extent protection under this section would have been limited in the absence of a rollover or transfer, in any plan maintained by an individual, whether or not self-employed, during the five year period preceding the individual’s declaration of bankruptcy or entry of judgment in excess of 7 per cent of the total income of such individual for such period.” (Emphasis added.)
In Shawmut Bank v. Gilman, 1 Mass.L.Rptr. 2 (Mass.Super. 1993), this court (Botsford, J.) dissolved the ex parte attachments by trustee process of funds held in the defendants’ individual investment accounts and held that the funds held in those accounts were exempt from attachment under M.G.L.A. c. 246, §28 as amended through st. 1992, c. 153, §31. The court concluded that the third sentence of §28, permitting the attachment of “sums deposited ... in any plan maintained by an individual. . . during the five year period preceding the individual’s declaration of bankruptcy or entry of judgment in excess of 7 per cent of the total income of such individual for such period,” applied only where there is a declaration of bankruptcy or judgment in the case. Id. at 1. While Judge Botsford recognized that the statute is “hardly a model of clarity,” she found it “most reasonably read to apply to post-judgment attachments only, and not pre-judgment attachments.” Id. Although there is no discussion in Shawmut Bank of the possible applicability of M.G.L.A. c. 235, §34A, the third sentence of §28 is nearly identical to the exemption limitation language of §34A.
The United States District Court for the District of Massachusetts had occasion to examine the exemption limitation language of M.G.L.A. c. 235, §34A in two cases during 1996. It appears that these are the only other cases that have endeavored to interpret §34A. The first of these, In re Goldman, was an appeal of a final order of the Bankruptcy Court and concerned a bankruptcy debtor who wished to claim full exemption of his interest in an IRA account. 192 B.R. 1 (D.Mass. 1996). The court, affirming the decision of the Bankruptcy Court, held that the exemption limitation contained in §34A was applicable and that “a debtor may claim exemption in an IRA to the extent that it does not exceed seven percent of his total income during the five years prior to bankruptcy filing.”
In the second case, Elias Brothers Restaurants, Inc. v. Acorn Enterprises, Inc., a judgment creditor filed a motion to charge certain banks as trustees in order to collect judgment; the judgment debtor filed a cross motion to discharge the attachments by trustee process of certain of his IRA accounts. 931 F.Sup. 930, 933 (D.Mass. 1996). While the court allowed the judgment creditor’s motion and denied that of the judgment debtor, the court specifically declined to decide if attachment would be appropriate in a prejudgment context, “[i]t is irrelevant for present purposes how these statutes (§28 and §34A] would apply, if at all, in a prejudgment situation because the application in this case is strictly post-judgment.” Id. at 936.
The proper interpretation of the last sentence of M.G.L.A. c. 235, §34A lies at the heart of the present controversy. M.G.L.A. c. 235, §34A exempts a variety of retirement plans from “the operation of any law relating to insolvency” and from attachment, execution or other process to satisfy a debt or liability. The last sentence of §34A limits this exemption, in the case of “plans maintained by an individual,” to seven percent of such individual’s total income “during the five year period preceding the individual’s declaration of bankruptcy or entry of judgment.” Id. The question is whether the income limitation on the exemption of pensions is applicable in the absence of a declaration of bankruptcy or entry of judgment. This court concludes that it is not. The first sentence of §34A, the exemption granting language, separates “any law relating to insolvency” from “attached or taken on execution or other process to satisfy any debt or liability” with the word “and.” This textual dichotomy corresponds to some extent with the later phrase “the individual’s declaration of bankruptcy or entry of judgment” found in the last sentence — the exemption limitation language. Section 34A protects certain retirement plans from two, distinct mechanisms — insolvency and processes to satisfy a debt or liability— but then limits this protection for “plans maintained by an individual” after a declaration of bankruptcy or entry of judgment in certain circumstances. It is noteworthy that §34A is found in chapter 235 of the *693 General Laws, entitled “Judgment and Execution.” This supports the conclusion that the statute was intended to apply only to postjudgment matters. The fact that the word “attached” is referenced in the first sentence and that attachment generally refers to a prejudgment action does not change the nature of the statute. The word “attached,” in the context in which it is used, is most logically read to denote postjudgment attachments.
The language seems to say that an amount of money deposited in an individual’s pension account within five years of his bankruptcy or a judgment against him is exempt from attachment on trustee process to the extent that it is not in excess of 7% of his total income earned during that five-year period. But since trustee process ordinarily is employed at the commencement of a lawsuit and before judgment, the statutory language does not seem to apply at all. The effect is that all the money in pension accounts would be exempt from prejudgment attachment on trustee process but not from postjudgment attachment.
36 Alperin & Chase, Mass.Prac.Ser. Consumer Law §20:79 (2d ed. 2001).
This court concludes that the statutes generally exempt a person’s interest in a pension plan from his creditors, but limit that exemption to prevent large contributions to an individually maintained plan in the years preceding a declaration of bankruptcy or an entry of an adverse judgment. Since no such judgment has entered in this case, the attachment must be dissolved.
ORDER
After hearing, it is ordered that the ex parte attachment by trustee process of certain funds of the defendant, Peter B. White, held in his Fidelity Traditional Individual Retirement Account, be dissolved.